**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DONALD CHAPMAN,
*Plaintiff,*

v.

RING'S END, INC.,
*Defendant.*

No. 3:17-cv-01084 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Donald Chapman ("Plaintiff") has sued Ring's End, Inc. ("Ring's End" or "Defendant"), alleging violations of the Family Medical Leave Act ("FMLA") and state statutes prohibiting discrimination and retaliation against individuals with disabilities. *See* 2d Am. Compl., ECF No. 28-2 (Feb. 21, 2018). During the course of this litigation, Mr. Chapman suffered from a stroke, which prompted the Court to issue an order requiring that Mr. Chapman to demonstrate his capacity to move forward with this lawsuit, Order to Show Cause, ECF No. 37 (June 18, 2018) ("Show Cause Order I"), and later to provide proper medical evidence to have a guardian ad litem appointed or to have the proper party substitute as a plaintiff in Mr. Chapman's place, Order on Mot. to Show Cause, ECF No. 60 (June 23, 2020) ("Show Cause Order II").

Mr. Chapman failed to meet the deadline set by the Court's second Order, and therefore the case was dismissed. Order Dismissing Case, ECF No. 61 (Sept. 30, 2020) ("Dismissal"). Mr. Chapman has moved for the Court reconsider this judgment and proceed with this lawsuit. Pl.'s Renewed Mot. to Open J. / Mot. to Reconsider Pursuant to Fed. R. Civ. P. 6(b), 59(e) & 60(b) & Local R. 7(e), ECF No. 67 (Dec. 11, 2020) ("Pl.'s 2d Mot.").

For the reasons stated below, Plaintiff's motion to reconsider is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1

**A. Factual Allegations**

The Court assumes familiarity with the factual background of this case. *See* Show Cause Order II.

**B. Procedural History**

On June 5, 2017, Mr. Chapman sued Ring's End in Connecticut Superior Court for the Judicial District of New London. Ex. A to Notice of Removal, ECF No. 1 (June 29, 2017).

On June 29, 2017, Ring's End removed the case to this Court. Notice of Removal, ECF No. 1 (June 29, 2017).

On October 4, 2017, Mr. Chapman filed an Amended Complaint. Am. Compl., ECF No. 21 (Oct. 4, 2017).

On February 21, 2018, Mr. Chapman filed a motion to amend his Amended Complaint, Mot. to Amend/Correct, ECF No. 28 (Feb. 21, 2018); Mem. in Supp. of Pl.'s Mot. to Amend, ECF No. 28-1 (Feb. 21, 2018), and simultaneously filed his proposed Second Amended Complaint. 2d Am. Compl., ECF No. 28-2 (Feb. 21, 2018).

On May 21, 2018, the Court granted Mr. Chapman's motion to amend. Order, ECF No. 31 (May 21, 2018).

On June 6, 2018, the parties jointly moved for a discovery conference "to seek the Court's guidance regarding how to proceed in light of concerns over the Plaintiff's health, including his capacity to sit for a deposition . . . and to engage in settlement negotiations." Joint Mot. for Disc. Conf., ECF No. 32, at 1 (June 6, 2018).

On June 18, 2018, the Court held a telephonic status conference. Min. Entry, ECF No. 36 (June 18, 2018).

On the same day, the Court ordered Mr. Chapman to show cause as to "why this lawsuit should continue and address whether he is legally capable of continuing to prosecute this case," noting that "Mr. Chapman's capacity to continue this lawsuit ha[d] been raised, following a stroke and his subsequent inability to participate fully in court proceedings," Show Cause Order, at 1. The Court set a briefing schedule and set a show cause hearing for July 18, 2018. *Id.*

On July 6, 2018, Mr. Chapman filed a response to the Court's order to show cause, Pl.'s Donald Chapman's Resp. to the Ct.'s Order to Show Cause, ECF No. 42 (July 6, 2018), along with an affidavit from Mr. Chapman's spouse, Denise Chapman, Ex. A of Pl.'s Donald Chapman's Resp. to the Ct.'s Order to Show Cause, ECF No. 42-1 (July 6, 2018).

On the same day, Ring's End filed a motion for order, stating that Mr. Chapman had not responded to its request that he "produce all medical records related to his mental capacity and update his responses to discovery requests related to Plaintiff's health records and medical treatment." Mot. for Order, ECF No. 41, at 1 (July 6, 2018). Ring's End stated that it had "subpoenaed and/or intend[ed] to subpoena" several medical providers identified by Mr. Chapman during discovery to obtain copies of Mr. Chapman's medical records, but that "[i]n light of Plaintiff's counsel's representations as to Plaintiff's lack of capacity, Defendant is unable to secure authorizations from Plaintiff." *Id.* at 1-2. Defendant therefore sought an order from the Court authorizing those medical providers covered under HIPAA to disclose Mr. Chapman's medical records to Defendant's counsel. *Id.* at 2. Defendant attached its e-mails sent to Plaintiff's counsel containing copies of the subpoenas. Exs. 1, 2, &, 3 to Mot. for Order, ECF No. 41-2 (July 6, 2018).

On July 9, 2018, the Court denied Defendant's motion for order without prejudice to renewal following the hearing scheduled for July 18, 2018. Order, ECF No. 43 (July 9, 2018).

On July 13, 2018, Ring's End responded to Mr. Chapman's response to the Court's order to show case. Def.'s Resp. to Pl.'s Submission to Order to Show Cause, ECF No. 44 (July 13, 2018).

On July 18, 2018, the Court held a show cause hearing. Min. Entry, ECF No. 45 (July 18, 2018).

On the same day, the Court also directed the parties to submit additional briefing and continued the hearing to a later date. Order, ECF No. 47 (July 18, 2018).

Also, on July 18, 2018, the Court ordered that Defendant be permitted to serve subpoenas under Rule 45 of the Federal Rules of Civil Procedure on several named medical providers and mandated that those providers produce such records by July 27, 2018. Order, ECF No. 46 (July 18, 2018).

On September 12, 2018, Mr. Chapman filed his response to the Court's order for additional briefing. Pl.'s Donald Chapman's Suppl. Resp. to the Ct.'s Order to Show Cause, ECF No. 49 (Sept. 12, 2018).

On October 5, 2018, Ring's End filed its response. Def.'s Suppl. Submission in Resp. to Order to Show Cause, ECF No. 54 (Oct. 5, 2018).

On November 18, 2019, the Court filed a notice alerting the parties that under Local Rule 41(a) the case was subject to being dismissed. Notice, ECF No. 58 (Nov. 18, 2019).

On June 23, 2020, the Court found that Mr. Chapman had failed to provide verifiable medical evidence of his incompetence and gave counsel for Mr. Chapman until September 25, 2020, either to provide the proper medical evidence for the appointment of a guardian ad litem or have the proper party moved to substitute as a plaintiff in Mr. Chapman's place. Show Cause Order II. The Court stated that without such action the case was subject to dismissal. *Id.*

On September 30, 2020, having not received any additional filings from Mr. Chapman, the Court issued an order dismissing this case for failure to prosecute. Dismissal.

On October 9, 2020, Mr. Chapman filed a motion to reconsider. Mot. to Reconsider, ECF No. 62 (Oct. 9, 2020) ("1st Mot.").

On November, 5, 2020, the Court held a telephonic status conference with the parties. Min. Entry, ECF No. 64 (Nov. 5, 2020) ("Nov. Status Conf.").

On the same day, the Court denied the motion to reconsider without prejudice to renewal. Order, ECF No. 65 (Nov. 5, 2020) ("Order 1st Mot.").

On December 11, 2020, Mr. Chapman filed a second motion to reconsider. Pl.'s 2d Mot., Pl.'s Mem. of L. in Supp. of His Renewed Mot. to Reconsider / Mot. to Open J., ECF No. 67-1 (Dec. 11, 2020) ("Pl.'s Mem.").

On December 30, 2020, Ring's End filed a memorandum in opposition to Mr. Chapman's renewed motion to reconsider. Def.'s Mem. in Opp'n to Pl.'s Renewed Mot. to Open J. / Mot. To Reconsider, ECF No. 68 (Dec. 30, 2020) ("Def.'s Mem.").

## II.   STANDARD OF REVIEW

### A. Rule 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)).

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Thus, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

### B. Rule 60(b)

Rule 60 of the Federal Rules of Civil Procedure provides that a district court, "[o]n motion and just terms . . . may relieve a party or its legal representative from a final judgment, order, or proceeding. . . ." Fed. R. Civ. P. 60(b). Generally, "[i]t is well established . . . that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" *Harris v. United States*, 367 F.3d 74, 81 (quoting *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977).

### C. Local Rule 7

The District of Connecticut's Local Rule 7 provides that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c)(1). This Rule explains that motions for reconsideration are generally denied "unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.* Should those unique circumstances exist, Local Rule 7 requires

6

that the motion be "filed and served within seven (7) days of the filing of the decision or order from which such relief is sought." *Id.*

### III. DISCUSSION

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)) "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255 (internal citations omitted)*; see also YLL Irrevocable Tr.*, 729 F.3d at 108 (2d Cir. 2013) (same).

Mr. Chapman argues for the Court to reconsider its judgment dismissing this case by alleging that "[Mr. Chapman]'s primary care physician of 24 years" conducted an "assessment of the Plaintiff's competency" and found "Mr. Chapman does possess the practical ability to manage his own affairs." Pl.'s Mem. at 2 (internal quotation marks and alterations omitted). As proof of the doctor's assessment, Mr. Chapman has filed a note from his alleged doctor. *See* Ex. A to Pl.'s Mem., ECF No. 67-2 (Dec. 11, 2020). By providing this single, nearly illegible, exhibit, Mr. Chapman argues that he has provided sufficient information under Federal Rules of Civil Procedure 6(b), 59(e), 60, and Local Rule 7(e) for "the Court [to] reconsider and set aside its Order dismissing this case." Pl.'s Mem. at 2.

The Court disagrees.

When a party misses a deadline without requesting an extension, the Court may only extend such deadline and accept the late filing if the party shows that the delay was caused by "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether excusable neglect exists is a

7

determination made at the district court's discretion. *Ford v. N.Y. City Transit Auth.*, 43 Fed.Appx. 445, 449 (2d Cir. 2002) (upholding the district court's refusal to accept a late filing under Rule 6 because counsel's explanation did not address why he could not have requested an extension before the deadline passed); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (affirming a district court's rejection of a late filing).

The inquiry into whether the neglect was "excusable" is an "equitable inquiry" taking into account the following four factors: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Falls v. Novartis Pharms. Corp.*, No. 3:13-CV-270 JBA, 2014 WL 3810246, at *2 (Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has focused on the third factor as critical in the analysis. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003).

The issue of whether Mr. Chapman's delay was excusable was resolved during the telephonic status conference held on November 5, 2020. Nov. Status Conf. During that conference, the Court gave Mr. Chapman leave to file evidence demonstrating his competence to proceed with this case. *See* Tr. of Telephonic Conf., ECF No. 66 (Dec. 1, 2020). Given the Court's willingness to allow Plaintiff to file supplemental records, any arguments regarding the timeliness of the motion are moot.[1]

"Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). Rule 60(b)(1), however, will not provide a movant an additional opportunity to make arguments or

---

[1] For this reason, the Court need not further discuss Federal Rule of Civil Procedure 6(b) and Local Rule 7.

8

attempt to win a point already "carefully analyzed and justifiably disposed." *Id*. at 90. In other words, even if a movant's neglect was excusable, this Court should not "reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Id.*; *see also Mills v. New York State*, No. 1:15-CV-00280 (MAT), 2016 WL 5919844, at *2 (W.D.N.Y. Oct. 11, 2016) (declining relief under Rule 60(b)(1) because the alleged mistake "ha[d] no bearing whatsoever on the judgment dismissing the Complaint in this action").

The Court initially gave Mr. Chapman leave to file additional records "to the extent that there [was] a sufficient legal basis for Mr. Chapman being deemed competent and capable to proceed with this case, and for any allegedly remaining claims having merit." Order 1st Mot. Ring's End argues that "[Mr. Chapman] has provided no information indicating any specialty or qualification of Dr Yoselevsky germane to his making a relevant conclusion on the question Plaintiff has raised in this matter, i.e., his cognition and his ability to understand, process, and produce speech." Def.'s Mem. at 3. Ring's End also argues that "there is no description, or even assertion, of any examination, testing, or interview of Plaintiff undertaken by Dr. Yoselevsky, nor even any information about when in the 24 years Plaintiff has been his patient . . ." *Id.*

The Court agrees.

Mr. Chapman's motion suffers from the same issues that led to this case's initial dismissal, he has failed to provide "verifiable medical evidence." *See* Show Cause Order II at 16. As noted by Ring's End, Mr. Chapman has not proffered qualifications of his alleged doctor, the time frame in which he evaluated Mr. Chapman, or any sufficiently detailed information on Mr. Chapman's condition.[2] *See* Pl.'s Mem. Consequently, Mr. Chapman has failed to provide any

---

[2] Significantly, neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure provide a discernible basis for considering the statements in this document, allegedly attributable to a doctor, to be evidence.

information that "might reasonably be expected to alter the conclusion reached by the court." *Shrader,* 70 F.3d at 257.

Accordingly, Mr. Chapman's motion to reconsider the judgment dismissing this case shall be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to reconsider is **DENIED**. This case shall remain closed.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of May, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

*See* Fed. R. Evid. 702(b),(c) and (d) (requiring any expert testimony to be "based on sufficient facts or data," and "the product of reliable principles and methods," as well as for the expert to have "reliably applied the principles and methods to the facts of the case."); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) ("[T]he district court must determine 'whether the proffered testimony has a sufficiently reliable foundation to permit it to be considered.'" (internal quotation marks omitted) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)); Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments (noting that trial judges have "the responsibility of acting as gatekeepers to exclude unreliable expert testimony"); Fed. R. Evid. 801(c) (defining hearsay as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."); *Hernandez v. Apple Auto Wholesalers of Waterbury LLC*, 460 F. Supp. 3d 164, 179 (D. Conn. 2020) ("Without authentication, the assertion in the Purchase Order and Contract that [the plaintiff] paid $1000 [was] inadmissible hearsay."); Fed. R. Civ. P. 56(c)(4) (requiring that affidavits or declarations "to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Disabled in Action v. City of N.Y.*, 437 F. Supp. 3d 298, 309 (S.D.N.Y. 2020) ("Declarations submitted to support or oppose a motion for summary judgment must be made on personal knowledge, and set out facts that would be admissible in evidence. . . . When an affidavit does not comply with these basic requirements, the offending portions should be disregarded by the court." (internal citation, quotation marks and alteration omitted) (citing *Wahad v. F.B.I.*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998); *United States v. Alessi*, 599 F.2d 513, 514–15 (2d Cir. 1979))). Indeed, this document is neither signed nor made under penalty of perjury. *See* 28 U.S.C. § 1746 (permitting unsworn statements if subscribed by the declarant to be "true under penalty of perjury"). As a result of all of these threshold problems with the proposed basis for reconsideration, a hearing on this matter or any further adjudication of this case is not warranted. *See* D. Conn. L. Civ. R. 7 (a)(3) ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.").